**1336**

### In re CODY.

### No. 97–350–Appeal.

Supreme Court of Rhode Island.

Feb. 19, 1998.

Anthony E. Angeli, Jr., Providence; Frank P. Iacono, Jr.; Thomas J. Corrigan, Jr., Providence.

Frances K. Munro.

### ORDER

This case came before the Supreme Court on January 22, 1998, pursuant to an order directing the mother to appear and show cause why the issues raised by this appeal should not be summarily decided. The respondent ("mother" or "Barber") appeals from a Family Court decree terminating her parental rights to her son, Cody. After hearing oral argument and examining the memoranda submitted on behalf of the parties, we are of the opinion that cause has not been shown and the issues shall be decided at this time.

Cody was born on November 13, 1990, and was placed almost immediately in the care of the Rhode Island Department of Children, Youth, and Families (DCYF). On January 11, 1991, two months after his birth, Cody was committed to the custody of DCYF due to his mother's drug abuse, lack of employment, and deficient parenting skills.

Over the next three years, the mother received numerous forms of assistance from DCYF and other agencies in order to address those problems that had necessitated the removal of Cody from her care. On two separate occasions during this three year period, Cody was returned to his mother's care. On both occasions, however, it was necessary for DCYF to remove Cody from his mother's care due to her refusal to comply with DCYF's directives. Specifically, the mother persisted in her drug use and continued to display uncontrollable rage rendering her unfit to ably parent Cody.

On August 4, 1994, DCYF filed a petition seeking the termination of Barber's parental rights to Cody. Prior to the hearing on that petition, Cody complained that his mother's boyfriend had sexually molested him. As a result of this disclosure, Cody was evaluated by two mental health professionals. Cody's evaluation revealed that his allegations of sexual abuse were probably true. Despite Cody's credible complaints of sexual abuse, however, his mother refused to believe that her boyfriend had committed the alleged acts and prevented her son from receiving sexual abuse counseling.

Between October 1, 1996, and October 18, 1996, an eleven-day hearing was held in the Providence County Family Court. On January 3, 1997, DCYF's petition was granted and a decree terminating Barber's parental rights to Cody was entered on February 4, 1997. The mother now appeals.

This court serves a limited role when reviewing a trial justice's grant of a petition seeking the termination of parental rights. We need only determine whether the trial justice's findings were supported by competent evidence or whether, in making factual determinations, the trial justice either misconceived or overlooked material evidence or was otherwise clearly wrong. *See In re Kenneth*, 439 A.2d 1366, 1369 (R.I.1982).

In this case, the trial justice appropriately considered the relevant criteria codified at G.L. 1956 § 15-7-7(a)(3) and found that Cody had been placed in the custody of DCYF for more than twelve months. The trial justice further found by clear and convincing evidence that Barber was offered, and received, substantial assistance to address those problems that led to Cody's placement with DCYF, and that Cody could not be returned to Barber within a reasonable amount of time in light of the child's age and his need for a permanent home. Finally, the trial justice found that, due to Barber's

failure to establish any type of a bond with her son during the first four years of his life, Cody's best interests would be served by the termination of his mother's parental rights. We agree.

The evidence introduced during the eleven-day trial clearly establishes Barber's inability to parent Cody. On appeal, the mother contends that the trial justice erred in finding her unfit to parent Cody because she had previously been found fit to parent Cody's younger half-brother Bryce.[1] This argument is without merit. Common sense dictates that a mother's relationship with one child may be irreparably damaged by conduct that simply does not impact upon that child's siblings. See In re Tinisha P., 697 A.2d 622, 625 (R.I.1997).

In this case, the mother's failure to form a bond with Cody was due to her inability during her son's earliest years to effectively care for and protect him. Barber began addressing her drug use well after the petition for termination of parental rights was filed. The trial justice recognized Barber's recent effort to achieve sobriety and control her anger. However, the trial justice found that unfortunately for Barber and Cody, it was too late. He found that time had passed them by and the opportunity to form a loving and trusting bond that had presented itself throughout the first four years of Cody's life had ceased to exist.

Indeed, the evidence introduced at trial indicated that Cody is now fearful of his mother and does not desire to visit her home. Also, Barber's reluctant acknowledgment that her boyfriend had sexually abused Cody came only during the termination trial itself when it would best serve Barber's own needs. She deliberately failed to address her son's complaint prior to the termination hearing when the only motivation to do so would be to protect her young son from further abuse. In light of these facts, we agree with the trial justice's conclusion that Barber has utterly failed Cody as a parent. Therefore, while a loving bond may still be forged between Barber and her son Bryce, no such relationship is possible with Cody within a reasonable time period in light of his age and need for a permanent home.

Barber also claims that the trial justice erred in failing to consider her fitness as a parent at the time of the termination hearing rather than at the time of the filing of the petition seeking the termination of her parental rights to Cody. In so doing, the mother asserts that she was not properly credited with successfully combating her drug abuse and improving her parenting skills. We disagree. The trial justice did assess Barber's fitness at the time of the termination hearing and, indeed, he specifically credited her with those advances that she has made since the filing of DCYF's petition seeking the termination of her parental rights to Cody. The trial justice correctly concluded, however, that these advances were simply too little too late for the child at issue here.

Finally, Barber claims that the trial justice erred in considering whether Cody would be able to return to his mother's care within a reasonable time period in determining her fitness as a parent. This claim reflects a misunderstanding of the applicable Rhode Island statute. Section 15–7–7 provides in part:

"(a) The court shall, upon a petition duly filed * * * terminate any and all legal rights of the parent to the child * * * if the court * * * finds as a fact by clear and convincing evidence that:

\* \* \* \* \* \*

"(3) The child has been placed in the legal custody or care of the department for children, youth, and families for at least twelve (12) months; and the parents were offered or received services to correct the situation which led to the child being placed, and provided further that there is not a substantial probability that the child will be able to return to the parents care within a reasonable period of time considering the child's age and the need for a permanent home."

---

1. While Bryce's DCYF case was closed on August 15, 1996, the mother's pre-brief in this case indicates that Bryce's case has been reopened for further consideration. At oral argument it was disclosed that Bryce had been removed from the care and custody of Barber due to her continued abuse of alcohol and that his mother is awaiting placement in yet another residential treatment program, her successful completion of which is a condition to any reunification with Bryce.

Following a consideration of these issues, the trial justice must then, pursuant to § 15–7–7(c)(1), "give primary consideration to the physical, psychological, mental, and intellectual needs of the child insofar as that consideration is not inconsistent with other provisions of this chapter."

This analysis was undertaken carefully by the trial justice in this case. The mother's contention that the trial justice improperly considered the issue of when Cody could be returned to her care in deciding whether she was a fit parent is groundless. Pursuant to § 15–7–7(c)(1), the trial justice is required to consider this issue whenever a petition for the termination of parental rights is before the court. Therefore, it would have been error for the trial justice not to take into account the probability that Cody would not be able to return to Barber's care within a reasonable time in light of his age and need for a permanent home.

For the reasons stated, the appeal of the mother is denied and dismissed. The judgment entered in the Family Court terminating the mother's parental rights with respect to Cody is affirmed. The papers in the case may be remanded to the Family Court.

BOURCIER, J., did not participate.